UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL L. MYERS                                    CIVIL ACTION

VERSUS

                                                    NO. 12-364-BAJ-SCR
LOUISIANA REHABILITATION SERVICES OF THE
LOUSIANA WORKFORCE COMMISSION, STATE OF
LOUISIANA; LOUISIANA OFFICE OF WORKFORCE
DEVELOPMENT OF THE LOUISIANA WORKFORCE
COMMISSION, STATE OF LOUISIANA; BRYAN MOORE,
DIRECTOR, OFFICE OF WORKFORCE DEVELOPMENT;
MARK S. MARTIN, DIRECTOR, LOUISIANA REHABILITATION
SERVICES; AND DAVID W. EARLE, IMPARTIAL HEARING OFFICER,
LOUISIANA REHABILITATION SERVICES

## RULING AND ORDER

This matter is before the Court on a Motion to Dismiss (doc. 8). No further

briefing is required.

The Court has carefully reviewed this matter and finds that the Motion

should be granted in part for the reasons advanced by Defendants', Louisiana

Rehabilitation Services (LRS) of the Louisiana Workforce Commission, State of

Louisiana, Louisiana Office of Workforce Development of the Louisiana

Workforce Commission, State of Louisiana, and individual Defendants Bryan

Moore, Director, Office of Workforce Development, Mark S. Martin, Director,

Louisiana Rehabilitation Services and David W. Earle, Impartial Hearing Officer,

Louisiana Rehabilitation Services ("Defendant"), supporting memorandum.

1

The Court concludes that Plaintiff, Michael L. Myers ("Plaintiff") fails to show subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Additionally, the Court finds that Plaintiff fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court further finds that any claims, other than Plaintiff's claim subsumed in a judicial review of the hearing officer's decision, must be dismissed. The Court reaches these conclusions for several reasons.

First, Defendants assert, and the Court agrees, that any claims for relief against Defendants Moore, Martin, or Earle in their individual capacities are not properly pled. Plaintiff has failed to allege facts to support a cause of action against Defendants in their individual capacities for violations of 29 U.S.C. section 720, *et seq.*, the Rehabilitation Act.

The Rehabilitation Act prohibits discrimination against an otherwise qualified individual with a handicap (now an individual with a disability) in programs that receive federal financial assistance. *See Kapche v. City of San Antonio*, 176 F.3d 840, 844 n. 27 (5th Cir.1999); 42 U.S.C. § 12102(2)(A)-(B)(West 2009). The Fifth Circuit has declined to allow plaintiffs the use of section 1983 as a vehicle to reach defendants individually, as persons, who under color of law, may have allegedly subjected a plaintiff to a deprivation of

2

rights under the Rehabilitation Act. *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999)

Further, the Rehabilitation Act by its express terms provides comprehensive enforcement and remedial measures for violations of its provisions, and other civil rights statutes should not be used as an alternative method for the enforcement of those rights. *Id.* at 610 (holding that government officials should not be sued in their individual capacities under section 504 of the Rehabilitation Act of 1973 and section 1983 is not an enforcement mechanism for rights found in the Rehabilitation Act)

Here, Plaintiff is unable to pursue his cause of action against the named Defendants individually. Plaintiff makes no mention of section 1983 in his petition. Even when section 1983 is first mentioned in Plaintiff's supporting memorandum, he does not specify a civil rights claim against individual Defendants.[1] The allegations in Plaintiff's petition and supporting memorandum refer to actions that Defendants performed in their official capacities in the administration of the Louisiana Rehabilitation Services program. Plaintiff alleges no facts that would expand his claim to other actions by Defendants individually. Further, Plaintiff fails to address the longstanding judicial view that such civil rights statutes are used as vehicles to prevent discrimination by public agencies and not individuals acting in their individual capacities.

---

[1] While Plaintiff fails to mention a section 1983 claim in his petition, he asserts that he put Defendants on notice of a section 1983 claim by pleading allegations of knowing or willful violations of constitutional and statutory provisions done under color of office (doc. 12, at 6).

3

Therefore, Plaintiff's claims against individual Defendants must be dismissed for failure to state a claim because no such facts are alleged in the complaint.

Second, considering that the totality of the claims asserted by Plaintiff involves the administrative decision and appeal made by the Louisiana Rehabilitation Services; all claims other than those subsumed in the judicial review of the hearing officer's decision must be dismissed.[2]

Under the Rehabilitation Act, "any party aggrieved by a final decision described in subparagraph (I), may bring a civil action for review of such decision. The action may be brought in any State court of competent jurisdiction or in a district court of the United States of competent jurisdiction without regard to the amount in controversy." 29 U.S.C. § 722(c)(5)(J)(i) (1998 West).

As previously noted, the Rehabilitation Act by its express terms provides comprehensive enforcement and remedial measures for violations of its provisions, and other civil rights statutes should not be used as an alternative method for the enforcement of those rights. *Lollar*, 196 F.3d at 610.

---

[2] Defendants also assert that all Defendants may be entitled to qualified immunity for any suit brought against them in their official capacity. Suits brought against a state official in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *New Orleans Towing Ass'n v. Foster*, 248 F.3d 1143 (5th Cir. 2001), (citing *Hafer v. Melo*, 502 U.S. 21, 25,112 S. Ct. 358, 116 L.Ed.2d 301 (1991)) (internal quotations omitted) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985)). Here, Plaintiff's claims under section 1983, mentioned only in Plaintiff's memorandum, must be dismissed. However, a determination of whether Defendants willfully violated "clearly established statutory or constitutional rights of which a reasonable person would have known" may be subsumed in a judicial review of the administrative decision. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815, 172 L.Ed.2d 565 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)). The Court declines to find as a matter of law that no constitutional violation has occurred.

4

Here, all of Plaintiff's allegations involve the review of a purported final agency action by the LRS, and the proper vehicle for that claim is the Rehabilitation Act. Both parties concede that this action arises under Federal statute 29 U.S.C. § 720, *et seq.* (also known as "The Rehabilitation Act of 1973, as amended") and its implementing regulations as embodied in 36 CFR § 361, *et seq.*

Both parties further concede that Plaintiff is an otherwise qualified individual under the Rehabilitation Act, receiving services under the Rehabilitation Act, and that he pursued the administrative remedies afforded him under the Act. Neither party contends that these remedies have not been exhausted. All allegations in Plaintiff's petition and supporting memorandum challenge the hearing officer's decision in relation to a reduction or change in his LRS services. Thus, under the Act, this Court is vested with jurisdiction as to claims subsumed in a review of the final agency action. Plaintiff's constitutional claims pursuant to section 1983 were not properly pled in Plaintiff's petition and are not properly brought before this Court.

Therefore, because Plaintiff only alleges facts pertaining to a review of the LRS administrative decision, all claims other than those subsumed in a judicial review of the hearing officer's decision must be dismissed.

Accordingly, Defendants' Motion to Dismiss (doc. 8) is hereby **GRANTED in part** and **DENIED in part**. Plaintiff's claims against Defendants Moore, Martin, or Earle in their individual capacities must be dismissed for failure to state a claim. This Court declines to dismiss claims asserted against all Defendants in their official capacities. Finally, any claims alleging constitutional violations other than those subsumed in a judicial review of the agency decision are dismissed with prejudice.

Baton Rouge, Louisiana, March _19_, 2013.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

6